415 P.2d 665

Nelda CRAWFORD and David Beesley, dba Beesley Monument & Vault Company, Plaintiffs and Respondents,

v.

CITY OF MANTI, a municipal corporation, Frank J. Garbe, its Mayor, Margaret Anderson, Ben Kjar, Lloyd R. Nielsen, Ray P. Cox and R. Morgan Dyreng, its City Council, and Clarence Robert Hall, its Sexton, Defendants and Appellants.

No. 10392.

Supreme Court of Utah.

July 1, 1966.

Dilworth Woolley, Manti, for appellants.

Ballif & Ballif, George S. Ballif, Provo, for respondents.

CALLISTER, Justice.

The City of Manti refused to allow the plaintiff, Nelda Crawford, to install a certain type of headstone in the family burial plot in the city cemetery. She successfully prosecuted a declaratory judgment action in the district court and the City now appeals.

In 1911, James Crawford, Jr. purchased rights in contiguous burial lots in the Manti City cemetery which would accommodate five graves. These rights were evidenced by a "Cemetery Lot Certificate." James was the father of Edmund Crawford, Nelda's deceased husband.

From the time of the purchase by James until the year 1948, there were no restrictions upon the type of monuments or headstones used in the cemetery. In 1948, however, the City, after having opened up additional property in the cemetery for the sale

of new lots, passed an ordinance prohibiting markers or monuments that were not flush with the ground.

Prior to the adoption of the ordinance, three members of the Crawford family, including James, had been interred in the plot. The family had erected a large monument at the foot of the graves with the inscription "Crawford" thereon. At the heads of the three graves there had been installed headstones, not flush with the ground, containing the names, date of birth and death of the occupants thereon. This type of headstone is known as a "pillow" type marker.

When Nelda's husband died in 1963, she was prevented by the Sexton of the cemetery and city officials from erecting a pillow type marker at the head of his grave in the family burial plot. Nelda expresses a desire to have the same kind of marker upon her death and interment.

■ When James received the "Cemetery Lot Certificate" there were no restrictions as to monuments and markers. He and his successors had a right to rely upon this when the upright monuments were placed. A city has a right to own, maintain and regulate cemeteries,[1] but not in an arbitrary or unreasonable manner.[2]

■ In the instant case, the ordinance is reasonable as it applies to the lots in the newly-opened cemetery property, but not to the original or old portion thereof already committed under rights of burial which are analogous to an easement, privilege or license. Whatever the right might be designated, it is one of property and cannot be changed or taken away without a superseding, necessary public interest.[3] The trial court properly concluded there was no such sufficient interest here.

Before the 1948 amendment, the old part of the cemetery, including the part where the Crawford lots are located, was not subject to the regulation requiring monuments to be flush with the surface of the ground. It was not until October 25, 1948 that an attempt was made to apply this regulation to the old part of the cemetery where there already existed monuments that were not flush with the ground but which rose above it. As to lots purchased in the old section after October 25, 1948, the amended ordinance is reasonable, but, as to lots purchased prior to its adoption where a memorial pattern has been established, the amended ordinance is unreasonable; otherwise, the vested rights of the respondent in the memorial pattern would be abrogated.

Judgment affirmed. Costs to plaintiff.

HENRIOD, C. J., and McDONOUGH and CROCKETT, JJ., concur.

WADE, J., heard the arguments, but died before the opinion was filed.

[1] 10-8-62, U.C.A.1953.
[2] 14 C.J.S. Cemeteries § 3 p. 66.

[3] Mansker v. City of Astoria, 100 Or. 435, 198 P. 199, 199 P. 381 (1921); Schaefer v. West Lawn Cemetery, 222 Or. 241, 352 P.2d 744 (1960).